Apr 1, 2014

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 14-60065-CR-COHN/SELTZER

21 U.S.C. § 846
21 U.S.C. § 841(a)(1)

UNITED STATES OF AMERICA

vs.

PEJMAN MOHAJER,
MICHAEL ROHRS, and
SHELTON HYMAN,

    Defendants.
_____/

## INDICTMENT

The Grand Jury charges that:

### COUNT 1

From in or about November 2013, and continuing through on or about March 18, 2014, in Broward County, in the Southern District of Florida, and elsewhere, the defendants,

**PEJMAN MOHAJER,
MICHAEL ROHRS, and
SHELTON HYMAN,**

did knowingly and willfully combine, conspire, confederate, and agree with each other and others known and unknown to the Grand Jury, to possess with the intent to distribute a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1); all in violation of Title 21, United States Code, Section 846.

With respect to defendant **MOHAJER**, the controlled substance involved in the conspiracy attributable to him as a result of his own conduct, and the conduct of other conspirators

1

reasonably foreseeable to **MOHAJER**, is 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine, in violation of Title 21, United States Code, Section 841(b)(1)(A)(viii).

With respect to defendant **ROHRS**, the controlled substance involved in the conspiracy attributable to him as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to **ROHRS**, is 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine, in violation of Title 21, United States Code, Section 841(b)(1)(A)(viii).

With respect to defendant **HYMAN**, the controlled substance involved in the conspiracy attributable to him as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to **HYMAN**, is 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine, in violation of Title 21, United States Code, Section 841(b)(1)(A)(viii).

## COUNT 2

On or about March 14, 2014, in Broward County, in the Southern District of Florida, and elsewhere, the defendants,

**PEJMAN MOHAJER,
MICHAEL ROHRS, and
SHELTON HYMAN,**

did knowingly and intentionally possess with intent to distribute a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1), and Title 18, United States Code, Section 2.

Pursuant to Title 21, United States Code, Section 841(b)(1)(B)(viii), it is further alleged that this violation involved 50 grams or more of a mixture and substance containing a detectable

amount of methamphetamine.

## COUNT 3

On or about March 18, 2014, in Broward County, in the Southern District of Florida, and elsewhere, the defendant,

**PEJMAN MOHAJER,**

did knowingly and intentionally possess with intent to distribute a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

Pursuant to Title 21, United States Code, Section 841(b)(1)(B)(viii), it is further alleged that this violation involved 50 grams or more of a mixture and substance containing a detectable amount of methamphetamine.

A TRUE BILL

_____
FOREPERSON

*[signature]*
WIFREDO A. FERRER
UNITED STATES ATTORNEY

*[signature]*
JULIA J. VAGLIENTI
ASSISTANT UNITED STATES ATTORNEY

3

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

| UNITED STATES OF AMERICA | CASE NO. _____ |
|---|---|
| vs. | |
| PEJMAN MOHAJER,<br>MICHAEL ROHRS, and<br>SHELTON HYMAN,<br>                Defendants.<br>_____ / | **CERTIFICATE OF TRIAL ATTORNEY\***<br><br>Superseding Case Information: |

**Court Division**: (Select One)

    Miami ____  Key West ____  
    FTL __X__  WPB ____  FTP ____

New Defendant(s) ____ Yes ____ No  
Number of New Defendants ____  
Total number of counts ____

I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3. Interpreter: (Yes or No)  No  
   List language and/or dialect _____

4. This case will take __5__ days for the parties to try.

5. Please check appropriate category and type of offense listed below:
   (Check only one)

   | | | | | (Check only one) | |
   |---|---|---|---|---|---|
   | I   | 0 to 5 days | __X__ | | Petty | ____ |
   | II  | 6 to 10 days | ____ | | Minor | ____ |
   | III | 11 to 20 days | ____ | | Misdem. | ____ |
   | IV  | 21 to 60 days | ____ | | Felony | __X__ |
   | V   | 61 days and over | ____ | | | |

6. Has this case been previously filed in this District Court?  ____ (Yes or No)  
   If yes:  
   Judge: _____  Case No. _____  
   (Attach copy of dispositive order)  
   Has a complaint been filed in this matter?  __YES__ (Yes or No)  
   If yes:  
   Magistrate Case No.  14-6082-LSS  
   Related Miscellaneous numbers: _____  
   Defendant(s) in federal custody as of  MOHAJER – 03/18/2014  
   Defendant(s) in state custody as of  ROHRS – 03/14/2014  
   Rule 20 from the District of _____

   Is this a potential death penalty case? ____ (Yes or No)

7. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to October 14, 2003?  ____Yes  __X__ No

8. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to September 1, 2007?  ____Yes  __X__ No

                                                _____  
                                                JULIA J. VAGLIENTI  
                                                ASSISTANT UNITED STATES ATTORNEY  
                                                Florida Bar No./Court A5500485

Penalty Sheet(s) attached                                                                      REV 4/8/08

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## PENALTY SHEET

**Defendant's Name**: PEJMAN MOHAJER

**Case No**: _____

Count: 1

Conspiracy to Possess with Intent to Distribute Methamphetamine

21 U.S.C. §§ 846 and 841(b)(1)(A)(viii)

\***Max. Penalty:** 10 years' mandatory minimum to life imprisonment; $10,000,000 fine; 5 years' to life supervised release.

Counts: 2 and 3

Possess with Intent to Distribute Methamphetamine

21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(viii)

\***Max. Penalty:** 5 years' mandatory minimum to 40 years' imprisonment; $5,000,000 fine; 3 years' to life supervised release.

Count:

\***Max. Penalty:**

Count:

\***Max. Penalty:**

\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms or forfeitures that may be applicable.

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## PENALTY SHEET

**Defendant's Name**: <u>MICHAEL ROHRS</u>　　　　　　　　　　**Case No**: _____

Count: 1

<u>Conspiracy to Possess with Intent to Distribute Methamphetamine</u>

<u>21 U.S.C. §§ 846 and 841(b)(1)(A)(viii)</u>

**\*Max. Penalty:** 10 years' mandatory minimum to life imprisonment; $10,000,000 fine; 5 years' to life supervised release.

Counts: 2 and 3

<u>Possess with Intent to Distribute Methamphetamine</u>

<u>21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(viii)</u>

**\*Max. Penalty:** 5 years' mandatory minimum to 40 years' imprisonment; $5,000,000 fine; 3 years' to life supervised release.

Count:

_____

_____

**\*Max. Penalty:** _____

Count:

_____

_____

**\*Max. Penalty:** _____

\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms or forfeitures that may be applicable.

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## PENALTY SHEET

**Defendant's Name**: SHELTON HYMAN        Case No: _____

Count: 1

Conspiracy to Possess with Intent to Distribute Methamphetamine

21 U.S.C. §§ 846 and 841(b)(1)(A)(viii)

*__Max. Penalty:__ 10 years' mandatory minimum to life imprisonment; $10,000,000 fine; 5 years' to life supervised release.

Counts: 2 and 3

Possess with Intent to Distribute Methamphetamine

21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(viii)

*__Max. Penalty:__ 5 years' mandatory minimum to 40 years' imprisonment; $5,000,000 fine; 3 years' to life supervised release.

Count:

*__Max. Penalty:__

Count:

*__Max. Penalty:__

*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms or forfeitures that may be applicable.